JUDGE ROBERTSON
delivered the opinion op the court:
The exoneration of Daisey, on the plea of non est factum, would not, per se, exonerate the appellant as his surety, against whom judgment was authorized by the sheriff’s return.
The appellant’s affidavit is not sufficient for setting aside that judgment. The imputed omission by his own counsel and fraud by his co-defendant, cannot affect the rights of the appellant. A case once properly adjudged should never be opened on any such grounds. And, even if the judgment in this case had been revoked, the answer presented as a defense to the action would not have barred it, especially as to a part of the consideration — that is, the bridle and saddle. If the proffered answer be true, an action for fraud or breach of warranty, or a suit in equity enjoining the judgment, might be made available for securing justice to the appellant.
Wherefore, the judgment is affirmed.